**Leo E. SCRUGGS, Petitioner–Appellant,**

v.

**Patrick HURLEY, Respondent–Appellee.**

No. 02–4052.

United States Court of Appeals, Sixth Circuit.

April 24, 2003.

Before: CLAY and GIBBONS, Circuit Judges; and DUGGAN, District Judge.*

### ORDER

Leo E. Scruggs appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1999, an Ohio jury convicted Scruggs of aggravated robbery, a violation of Ohio Rev.Code § 2911.01(B). This conviction arose from charges that he had attempted to take a firearm from a law enforcement officer during a drug raid on his home. Scruggs was sentenced to a term of six years of imprisonment and that sentence was affirmed on direct appeal.

In his § 2254 petition, Scruggs primarily alleged that there was insufficient evidence to support his robbery conviction. The district court adopted a magistrate judge's recommendation and dismissed the case on August 27, 2002. It is from this judgment that Scruggs now appeals.

We review the denial of a § 2254 petition de novo, although the district court's factual findings are examined for clear error. Seymour v. Walker, 224 F.3d 542, 549 (6th Cir.2000). Federal habeas corpus relief is available only if the state court's rejection of Scruggs's claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). A federal court may not issue a writ of habeas corpus if the state court's decision was objectively reasonable, even if it believes that the state court applied the law incorrectly. See Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir.2000).

As indicated above, Scruggs's aggravated robbery conviction was based on Ohio Rev.Code § 2911.01, which provides in pertinent part as follows:

No person, without privilege to do so, shall knowingly remove or attempt to remove a deadly weapon from the person of a law enforcement officer, ... when both of the following apply:

(1) The law enforcement officer, at the time of the removal, attempted removal, deprivation, or attempted deprivation, is acting within the course and scope of the officer's duties;

(2) The offender knows or has reasonable cause to know that the law enforcement officer is a law enforcement officer.

Scruggs alleged that the evidence did not show that he knew he was attempting to take a firearm from a police officer who was acting in the course of his official duties. In reviewing this claim, the courts must view the evidence in a light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in the original).

The Ohio Court of Appeals reasoned as follows in rejecting Scruggs's claim:

> On November 12, 1998, Detective Douglas Eckhart, a member of the narcotics tactical entry team ("INTAC") of the Columbus Police Department, participated in the entry of a two-story house *with a search warrant.* To disorient the occupants of the house momentarily, the INTAC team shot wooden pellets called "knee knockers" into the first floor of the house before entering. Eckhart, who was carrying a semiautomatic magazine-fed rifle with a flashlight attached to the barrel, was the lead officer of the third two-officer team assigned to secure the second floor. As Eckhart and his partner, Detective Bruce Orlov, proceeded up the steps to the second floor, Eckhart saw appellant look out a bedroom door....

> Eckhart testified that, knowing there was no other place where appellant could have hidden, he began to search a closet. While searching the closet, Eckhart called for appellant to come out of the closet and announced that he was a police officer. Because the closet was dark, Eckhart used the flashlight attached to his rifle to see inside. Eckhart then saw appellant's legs on a recessed shelf in the back of the closet, ordered appellant to come out of the closet, and again announced that he was a police officer. Appellant grabbed the end of Eckhart's rifle.... Once appellant was out of the closet, Eckhart finally jerked the rifle from his hands....

> Appellant argues in his first assignment of error that there was insufficient evidence to find him guilty of aggravated robbery.... *The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact would have found the essential elements of the crime proven beyond a reasonable doubt.*

> ....

> Based upon our careful consideration of the record, and construing the evidence in favor of the prosecution as is required in a sufficiency analysis, we find that a reasonable jury could have found that the prosecution sufficiently proved the elements of aggravated robbery beyond a reasonable doubt....

> There was ... sufficient evidence that appellant knew or had reasonable cause to know that Eckhart was a law enforcement officer. Eckhart testified that his vest and helmet had "police" embossed on them and that appellant saw him as he reached the top of the stairs. He also testified that the officers were repeatedly yelling "police, search warrant" as they walked through the house. Both Eckhart and Orlov testified that Eckhart stated that he was a police officer numerous times as he searched the closet and discovered appellant hiding. Therefore, we find that construing the evidence most strongly in favor of the prosecution, the evidence was legally sufficient to sustain a verdict against appellant....

*Ohio v. Scruggs,* No. 99AP–664, 2000 WL 256185, at *1–*3 (Ohio Ct.App. Mar. 9, 2000) (unpublished) (emphasis added) (citations omitted).

Scruggs now argues that Detective Eckhart was not acting in the course of his official duties, as there was no evidence that he had a valid search warrant. However, the testimony that Scruggs cites plainly indicates that there was a warrant, even though it was not obtained by Detective Eckhart or supported by his affidavit. Scruggs also asserts that he was disorientated by the officers' entry and search.

This argument fails because it is based on an unproved assumption regarding his mental state and because there was ample evidence from which a reasonable juror could infer that he knew or had reason to know that Eckhart was a police officer. Thus, the district court properly dismissed Scruggs's § 2254 petition because the state court's rejection of his claim was not based on an unreasonable interpretation of the facts or an unreasonable application of controlling Supreme Court precedent. *See Wright v. West,* 505 U.S. 277, 296–97, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992); *Jackson,* 443 U.S. at 319.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.